IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW WAYNE KNIGHT

               Petitioner,

v.                                               CIVIL ACTION NO.   2:18-cv-00356

BARBARA RICKARD,

               Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court is the respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Motion to Dismiss") [ECF No. 7]. On January 31, 2018, the petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") [ECF No. 1], challenging his conviction on the grounds that "the conviction is without merit or not enough evidence to obtain a conviction." Pet. 2. He claims that because there was insufficient evidence, his "federal sentence should be allowed to run concurrent[ly] with his state sentence." *Id.* On February 27, 2018, this case was referred to Magistrate Judge Cheryl A. Eifert for proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). That same day, Magistrate Judge Eifert entered an order [ECF No. 5] directing the respondent to answer or otherwise respond to the Petition and to show cause, if any, why the relief sought by the petitioner should not be granted.

[ECF No. 5]. On April 20, 2018, the respondent filed her Motion to Dismiss [ECF No. 7]. On April 23, 2018, Magistrate Judge Eifert notified the petitioner of his right to respond in opposition and advised the petitioner that, ordinarily, a failure to respond to a motion to dismiss within the allowed time can support a conclusion that the respondent's contentions are undisputed and may result in a recommendation of dismissal. [ECF No. 9]. The petitioner did not respond, and the time for responding has passed. The respondent's Motion is now ripe for review.

For reasons appearing to the court, the referral of this civil action to the Magistrate Judge is **WITHDRAWN**. For the reasons that follow, the Motion to Dismiss [ECF No. 7] is **GRANTED** and the Petition [ECF No. 1] is **DISMISSED with prejudice**.

## I. Background

On January 17, 2008, the petitioner was one of several defendants charged in a multi-count indictment. On April 16, 2008, the petitioner entered into a plea agreement and pleaded guilty to count one of the indictment: conspiracy to manufacture, distribute, and possess with the intent to distribute 500 grams, or more, of methamphetamine, in violation of 21 U.S.C. § 846. Under the plea agreement, the petitioner stated that he was "pleading guilty [to count one of the indictment] because [he was] in fact guilty and because it [was] in [his] best interest to do so and not because of any threats or promises." Pet. 14. He stipulated that "there [was] a sufficient factual basis to support each and every material factual allegation

contained within [the indictment]," pet. 22, and agreed "to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct." Pet. 16.

On July 31, 2008, the United States District Court for the Western District of Virginia ("Sentencing Court") sentenced the petitioner to 120 months in prison to run *consecutively* with any other sentence that had been imposed by the state. Four years later, while serving his state sentence, the petitioner filed a "Motion for Sentence Modification with the Sentencing Court" requesting that his sentence be modified so that it would run *concurrently* with his state sentence. That motion was denied. Three months later, the petitioner filed a letter with the sentencing court again requesting that his sentence be modified. That request was also denied.

In his Petition, the petitioner contends that there was insufficient evidence to support his conviction. In support of his claim, he explains that his half-brother searched the record of his case and could find no evidence that the petitioner conspired to distribute methamphetamine: the petitioner's half-brother claims that he found no controlled drug buy sheets, no materials found on the petitioner's person used to make or manufacture methamphetamine, no evidence that methamphetamine was found on the petitioner, and no evidence that the petitioner conspired to distribute methamphetamine. Pet. 10–11. As a result of there being

insufficient evidence, the ptitioner argues that the court should allow his federal sentence to run concurrently to his state sentence instead of consecutively.

## II. Discussion

As a threshold matter, the petitioner waived "any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct." Pet. 16. Being that the petitioner is contesting his conviction based on the sufficiency of evidence in a post-conviction proceeding and alleges neither ineffective assistance of counsel or prosecutorial misconduct, his Petition is without merit.

Nevertheless, the petitioner's claim also fails on the merits because there was sufficient evidence for conviction. First, the petitioner pleaded guilty to the charge in count one. Second, the evidence that the petitioner claims is absent is not necessary to prove the elements of this conspiracy.[1] Furthermore, the petitioner stipulated in his plea agreement that there was "sufficient factual basis to support each and every material factual allegation contained within [the indictment]." Pet. 22.

The petitioner also argues that his federal sentence should run concurrently pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). *Barden*, however, is inapplicable. *Barden* answered whether the Bureau of Prisons had the authority to

---

[1] "The essential elements of a [21 U.S.C.] § 846 conspiracy are (1) an agreement between two or more persons to undertake conduct that would violate the laws of the United States relating to controlled substances and (2) the defendant's wilful [sic] joinder in that agreement." *United States v. Clark*, 928 F.2d 639, 641–42 (4th Cir. 1991).

4

designate a state prison facility as a place of federal confinement *nunc pro tunc* so that the prisoner could gain credit against his federal sentence when the state court ordered the prisoner's state sentence to run concurrently with his federal sentence. *Id.* at 478. The court found that the Bureau did have such authority and that the Bureau must at least consider the petitioner's case in accord with the broad statutory authority it has to make *nunc pro tunc* designations of a state prison as a place of federal confinement. *Id.*

But unlike the federal sentencing court in *Barden*, the federal Sentencing Court here specifically ordered that the petitioner's sentence run consecutively to any state court sentence. *See* pet. 106, 117 (hearing argument for concurrency with the state court sentence but declining to grant it). Additionally, in *Barden*, the state sentence was imposed *after* the federal sentence; here, the petitioner was already serving a state sentence when the Sentencing Court imposed his federal sentence. *See* pet. 19. Thus, *Barden* does not apply.

III. Conclusion

For the reasons stated, the respondent's Motion to Dismiss [ECF No. 7] is **GRANTED**. As such, the petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED with prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: March 15, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE